UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL NO. |
| v. | : | 3-03-cr-331 (JCH) |
| | : | |
| TYRON HAMMOND | : | SEPTEMBER 4, 2007 |

**RULING RE: PETITIONER'S MOTION FOR RESENTENCING PURSUANT TO
18 U.S.C. § 3582(c) (Doc. No. 105)**

Defendant Tyron Hammond petitions the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c).[1] On December 10, 2004, this court sentenced Hammond to 120 months of imprisonment after a jury found him guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

In sentencing Hammond, the court relied on U.S.S.G. § 2K2.1. On December 20, 2004, Hammond filed notice of appeal. On September 30, 2005 Hammond's conviction was affirmed by the Second Circuit, and his case was remanded to the district court for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). On December 14, 2005, the court resentenced Hammond to 120 months, again relying on U.S.S.G. § 2K2.1. Hammond appealed the resentencing, and on June 6, 2006, the Second Circuit denied his appeal pursuant to Anders v. California, 386 U.S. 738 (1967).

Hammond moves the court to reduce his sentence pursuant to 18 U.S.C. § 3582 which states, in relevant part, that the court "may not modify a term of imprisonment

---

[1] Hammond initially also brought this motion pursuant to 18 U.S.C. § 3742 (Def.'s Mot. for Resentencing at 1, (Doc. no. 105)), but conceded that that statute was an inappropriate basis for the motion (Def.'s Resp. to Gov.'s Resp. at 2, n. 2 (Doc. No. 109)). He also contends that his motion may be brought under other subsections of section 3582. See Def.'s Resp. to Gov. Resp. at 2. However, the court finds that only section 3582(c)(2) is applicable to Hammond's motion and will limit the analysis to that provision.

once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Hammond argues that his sentence should be reduced because Amendment 599 to U.S.S.G. §2K2.4 is relevant to his sentence and constitutes a "sentencing range that has subsequently been lowered" under section 3582(c)(2).

However, Amendment 599 became effective November 1, 2000, five years before Hammond's final sentencing. U.S.S.G. Manual, App. C at 70-1. Therefore, under the plain language of section 3582(c)(2), Amendment 599 did not "subsequently" lower the guideline range; the range in effect at the time of the sentencing reflected Amendment 599. See United States v. Lykes, 73 F.3d 140, 142 (7th Cir. 1995)(holding that amendment to sentencing guideline in effect at time of sentencing could not be basis for resentencing under section 3582(c)). Any error by the court in applying section 2K2.1 or Amendment 599 could have been addressed in the direct appeal. Because Amendment 599 cannot be the basis for a resentencing pursuant to section 3582(c)(2),[2] defendant's Motion for Resentencing is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 4th day of September, 2007.

                                         /s/ Janet C. Hall
                                         Janet C. Hall
                                         United States District Judge

---

[2] The court notes that, without commenting on the merits of Hammond's underlying claim, it is not free to convert Hammond's motion sua sponte into a habeas petition. Simon v. United States, 359 F.3d 139 (2d Cir. 2004).